IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THERESA WILLIAMS ON BEHALF
OF THE WRONGFUL DEATH
BENEFICIARIES OF EARNEST DAMONTEZ WILLIAMS    PLAINTIFF

V.                                             CASE NO. 4:24cv071-MPM-DAS

VITALCORE HEALTH STRATEGIES, LLC;
ANTONIO DEL CASTILLO, M.D.;
PHYLLIS REDDIX, RN; and
JOHN AND JANE DOE MEDICAL PROVIDERS            DEFENDANTS

## COMPLAINT – JURY TRIAL DEMANDED

The medical team at the Mississippi State Penitentiary ("Parchman") ignored—and completely failed to treat—Earnest Damontez William's life-threatening blood disorder. As a result, Earnest died at Parchman on March 24, 2024. He was only thirty-one years old.

Earnest's mother Theresa Williams brings this case for damages on behalf of Earnest's wrongful death beneficiaries. Theresa seeks relief under 42 U.S.C. § 1983 and state law, and she demands a jury trial on all issues.

The certificate of consultation is attached as Exhibit 1 to the complaint in compliance with Mississippi Code Section 11-1-58.

## PARTIES

1. Theresa Williams is the mother and wrongful-death beneficiary of Earnest Damontez Williams. Theresa brings this case on behalf of Earnest's wrongful death beneficiaries. Other than Theresa, Earnest's wrongful death

beneficiaries are his father Earnest L. Williams and his siblings Ashanti Jones, Dominique Williams, Antonio Vasser, and Kobe Williams.

2. VitalCore Health Strategies, LLC ("VitalCore") is a limited liability company organized under the laws of Kansas with its principal place of business in Topeka, Kansas. Since November 2020, VitalCore has provided medical services within the Mississippi Department of Corrections ("MDOC"), including at Central Mississippi Correctional Facility ("Central Mississippi") and Parchman. VitalCore may be served through its registered agent for service, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

3. VitalCore received pre-suit notice by or before June 4, 2024.

4. Antonio Del Castillo is a medical doctor who was responsible for providing medical care to Earnest at Parchman on behalf of VitalCore. Dr. Castillo may be served personally.

5. Dr. Castillo received pre-suit notice on or before June 4, 2024.

6. Phyllis Reddix is a registered nurse who was responsible for providing nursing care to Earnest at Parchman on behalf of VitalCore. RN Reddix may be served personally.

7. RN Reddix received pre-suit notice on or before June 4, 2024.

2

8. John and Jane Doe Medical Providers are unknown employees or agents of VitalCore who committed wrongful and negligent actions described in this complaint.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

10. Venue is appropriate in this district and division. Substantial acts or omissions giving rise to this case happened in Sunflower County, Mississippi.

## BACKGROUND AND FACTS

11. Since birth, Earnest had a genetic blood disorder, Type III Von Willebrand disease.

12. Type III Von Willebrand is the most severe form of Von Willebrand disease. Without appropriate treatment, a Von Willebrand patient's blood will not clot properly. Not surprisingly, unmanaged Type III Von Willebrand is life threatening.

13. In May 2021, Earnest became incarcerated at Central Mississippi. Earnest reported his Von Willebrand disease at intake.

3

14. On June 2, 2021, Earnest had a telehealth visit with an outside specialist, Dr. Spencer Sullivan. Earnest's visit and the results were reflected and maintained in the VitalCore records.

15. Thus, by early June 2021, Earnest's Type III Von Willebrand disease was confirmed within the MDOC system.

16. Dr. Sullivan prescribed the medication Humate, a critical prophylactic medication. Earnest was supposed to receive Humate via intravenous injection twice per week plus every 24 hours as needed for bleeding.

17. Dr. Sullivan also prescribed a daily iron supplement (to address anemia caused by significant blood loss), repeat complete blood count and iron studies, and a follow-up visit with Dr. Sullivan four weeks later.

18. Records reflect that Earnest was administered Humate for some time, although not in full accordance with the prescription. The records do not show, however, that Earnest received a routine supply of the iron supplement or that he was ever taken to the recommended follow up visit with Dr. Sullivan.

19. In Fall 2021, Earnest was transferred to Parchman. For several months, the records from Parchman reflect Humate as a current medication, but there is no evidence that the Humate was administered or considered. This

was true even following an incident where Earnest reported bleeding that would not stop in March 2022.

20. By July 2022 (at the latest), Humate was inexplicably discontinued from Earnest's current medication list, even though his diagnosis was genetic and life-long and was noted as a current problem on his medical records. These records were available to and (presumably) reviewed by VitalCore employees, including Dr. Castillo.

21. On March 23, 2023, Earnest presented to the Parchman hospital and was evaluated by Nurse Reddix after security reported that he had been body slammed. Records reflect injuries to Earnest's left knee and left rib cage area. Records also show that Earnest was restless, agitated, and a poor historian.

22. Given (among other things) reports that (1) Earnest had been body slammed and (2) Earnest's Type III Von Willebrand diagnosis, he should have been immediately referred for physician evaluation or been transported for emergency diagnostics and treatment. Instead, Nurse Reddix discharged Earnest back to his housing unit without even consulting a physician. Nurse Reddix failed to treat Earnest with the careful attention that his condition and Von Willebrand diagnosis demanded.

23. In the early hours of March 24, 2023, Nurse Reddix again evaluated Earnest after Earnest notified staff of a physical altercation in his cell and reported spice usage. There is, again, no indication that Nurse Reddix factored in Earnest's Von Willebrand diagnosis.

24. Given (among other things) (1) Earnest's March 23, 2023 complaints of being elbowed in the chest and slammed on his back, (2) Nurse Reddix's observation of a puncture wound to Earnest's head, and (3) Earnest's Von Willebrand diagnosis, Nurse Reddix should have immediately referred Earnest for evaluation a physician or transported him for emergency diagnostics and treatment. Earnest was, instead, placed on observation "until MD can see patient" in the morning.

25. Shortly after this, Earnest went into cardiopulmonary arrest. Earnest was pronounced dead at 4.28 AM on March 24, 2024.

26. The autopsy reflects "blunt force injury to chest" as one of the causes of Earnest's death.

27. Earnest's death was proximately caused by VitalCore's, Dr. Castillo's, and Nurse Reddix's failures to treat Earnest's Type III Von Willebrand disease. Likewise, Earnest's death was caused by VitalCore's and

6

Nurse Reddix's failures to assess and care for Earnest's recent traumas considering their severity and his Type III Von Willebrand diagnosis.

## COUNT 1
## MEDICAL MALPRACTICE

28. Defendants are liable for negligently causing Earnest's untimely death.

29. Dr. Castillo and others acting on behalf of VitalCore breached the standard of care for reasonably prudent and minimally competent medical providers in the following ways:

    a. Failure to comply with Dr. Sullivan's recommendations for prophylaxis and other treatment of Decedent's Type 3 Von Willebrand and secondary anemia;

    b. Failure to properly treat Type 3 Von Willebrand disease;

    c. Failure to administer Humate;

    d. Failure to administer iron supplement;

    e. Discontinuation of Humate; and

    f. Discontinuation of iron supplement.

30. Nurse Reddix and others acting on behalf of VitalCore breached the standard of care for reasonably prudent and minimally competent medical providers in the following ways:

    a. Failure to seek appropriate evaluation, including but not limited to physician-level evaluation and emergency diagnostics and treatment, on March 23, 2023; and

    b. Failure to seek appropriate evaluation, including but not limited to physician-level review and emergency diagnostics and treatment on March 24, 2023.

31. The breaches identified above were the proximate but-for causes, or at least substantial contributing factors, in Earnest's death.

32. VitalCore is vicariously liable for the acts and omissions of Dr. Castillo, Nurse Reddix, and anyone else acting on behalf of VitalCore.

## COUNT 2
## DELIBERATE INDIFFERENCE – EIGHTH AMENDMENT

33. Defendants are liable for their deliberate indifference to Earnest's serious medical needs.

34. Earnest's Type III Von Willebrand disease was a serious medical need. Dr. Castillo, RN Reddix, and other employees of VitalCore knew about Earnest's disease—it was evident from his medical records. Yet they completely ignored it.

35. Dr. Sullivan and/or others acting on behalf of VitalCore ignored Earnest's Von Willebrand disease in the following ways:

8

    a.    Failure to comply with Dr. Sullivan's recommendations for prophylaxis and other treatment of Decedent's Type 3 Von Willebrand and secondary anemia;

    b.    Failure to properly treat Type 3 Von Willebrand disease;

    c.    Failure to administer Humate;

    d.    Failure to administer iron supplement;

    e.    Discontinuation of Humate; and

    f.    Discontinuation of iron supplement.

36.    Nurse Reddix and/or others acting on behalf of VitalCore failed to treat Earnest's Type III Von Willebrand disease (and serious acute traumas) in the following ways:

    a.    Failure to seek appropriate evaluation, including but not limited to physician-level evaluation and emergency diagnostics and treatment, on March 23, 2023; and

    b.    Failure to seek appropriate evaluation, including but not limited to physician-level review and emergency diagnostics and treatment on March 24, 2023.

37.    The breaches identified above were the proximate but-for causes, or at least substantial contributing factors, in Earnest's death.

## RELIEF DEMANDED

Earnest demands the following relief on behalf of the estate and wrongful death beneficiaries of Earnest:

(a) Compensatory damages for the pain, suffering, and emotional distress to Earnest during his life caused by the negligent and wrongful actions above that, ultimately, contributed to Earnest's death;

(b) Lost income;

(c) Present net cash value of Earnest's life expectancy;

(d) Loss of companionship and society for each wrongful-death beneficiary identified above;

(e) Funeral expenses;

(f) Punitive damages;

(g) Attorney fees;

(h) Costs of litigation; and

(i) Interest

Dated: August 5, 2024

                                                                                  THERESA WILLIAMS

                                                                                  BY: *Grafton E. Bragg*

GRAFTON BRAGG
BraggLaw, PLLC
1060 East County Line Road
Suite 3A-120
Ridgeland, MS 39157
601.624.1153
grafton@graftonbragglaw.com